IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOPHIA BILOCHE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLENVIEW TERRACE PROPERTY, LLC,<br><br>Defendant. | Case No. 21-cv-_____<br><br>Judge _____<br><br>Magistrate _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Glenview Terrace Property, LLC ("Defendant"), by and through its attorneys, Jamie L. Filipovic and Matthew E. Szwajkowski of O'Hagan Meyer LLC, gives notice of the removal of this civil action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This is a civil action over which this Court has original jurisdiction. In support of this Notice of Removal, Defendant states as follows:

### JURISDICTIONAL STATEMENT AND FACTUAL BACKGROUND

1. On February 3, 2021, Plaintiff Sophia Biloche ("Plaintiff") commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois (the "Complaint") styled *Sophia Biloche v. Glenview Terrace Property, LLC*, No. 2021-CH-00529 (hereinafter, the "State Action").

2. Defendant was served with a copy of the summons and Complaint in the State Action on February 5, 2021.

3. This Notice of Removal dated Monday March 8, 2021 is timely because it is filed within thirty (30) days from the date that Defendant was served with the summons and Complaint.

*See* 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the time for filing a notice of removal does not begin to run until a party has been formally served with the summons and complaint under applicable state law).

    4.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as Exhibit 1.

    5.      Plaintiff alleges that she was employed by Defendant from June 2017 through October 2017. (Ex. 1, Compl. at ¶ 41). The Complaint contends that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through Defendant's alleged "unlawful collection, obtainment, use, storage and disclosure of Plaintiff's sensitive biometric identifiers and biometric information." (Ex. 1, Compl. at ¶ 1). Plaintiff alleges that "when employees are hired, Defendant requires them to have their hand geometry scanned to enroll them in an employee database(s)," and that Defendant's "hourly employees are required to use their hand geometry to clock-in and clock-out." (Ex. 1, Compl. at ¶¶ 28, 29). The Complaint alleges that Defendant "violated and continues to violate BIPA because it did not and continues not to: (a) properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their hand geometry was being collected, stored and used, as required by BIPA; (b) publish a publicly-available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated employees' hand geometry, as required by BIPA; (c) obtain a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their hand geometry, as required by BIPA; and (d) obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their hand geometry to a third party, as required by BIPA." (Ex. 1, Compl. at ¶ 8). The Complaint contains three causes of action, for alleged violations of 740 ILCS 14/15(a), (b) and (d). (*Id.*)

**GROUNDS FOR REMOVAL**

6. This Notice of Removal is brought pursuant to 28 U.S.C. § 1441(a), which provides, in relevant part, that "…[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. The State Action is removable under 28 U.S.C § 1441(a) because it involves a claim arising under the laws of the United States over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Specifically, this Court has original federal question jurisdiction over Plaintiff's claims, which arise under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*

8. The BIPA claims of most of the putative class members in this matter are preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141, *et seq*. Section 301 of the LMRA grants exclusive jurisdiction to federal district courts over suits for violations of contracts between employers and labor organizations representing their employees. 29 U.S.C. § 185(a). This includes suits that pertain to alleged violations of the terms or conditions of a collective bargaining agreement between an employer and a labor union.

9. Defendant is the entity that owns the real estate associated with the subject nursing home where Plaintiff Biloche and members of the putative class were employed. (Ex. 2, Hollander Decl. at ¶ 1). Defendant's affiliate, Glenview Terrace Nursing Center, an Illinois partnership (the "Nursing Center"), which is not a party to this action, leases the subject nursing home from Defendant. *Id.* The Nursing Center employed Plaintiff Biloche and all other employees of the subject nursing home. *Id.*

10. During her employment with the Nursing Center, Plaintiff Biloche and others in the putative class were represented for purposes of collective bargaining by the SEIU Healthcare Illinois and Indiana ("the Healthcare Union"). The Healthcare Union is the sole and exclusive bargaining representative for these individuals. (Ex. 2, Hollander Decl., *see also* Ex. A thereto, at Art. 2).

11. The Nursing Center and the Healthcare Union are parties to a collective bargaining agreement (the "Healthcare Union CBA") that was negotiated by the parties and governs the terms and conditions of employment for all of the Nursing Center's employees that belong to the Healthcare Union, including Plaintiff Biloche. (Ex. 2, Hollander Decl., *see also* Ex. A thereto). A true and correct copy of excerpts of the relevant Healthcare Union CBA for the time period of May 1, 2017 through April 30, 2020 is attached to the Hollander Decl. as Exhibit A.

8. The Healthcare Union CBA applies to all employees employed by the Nursing Center, with limited exceptions. (Ex. 2-A, Art. 2). Therefore, the Healthcare Union CBA applies to Plaintiff Biloche and members of the putative class who are or were employed by the Nursing Center and covered under the terms and conditions of the Healthcare Union CBA. *Id.*

9. The parties to the Healthcare Union CBA, including Plaintiff Biloche, the putative class, and the Nursing Center, agreed on a Management Rights provision which states:

> Management of [Defendant Glenview Terrace], the control of the premises and the direction of the working force are vested exclusively in the Employer subject to the provisions of this Agreement. The right to manage includes, but is not limited to, the following: The right … to determine and change starting times, quitting times, and shifts, and the number of hours to be worked; to determine staffing patterns; to determine policies and procedures with respect to patient care; [and] to determine or change the methods and means by which its operations ought to be carried on.

(Ex. 2-A, Art. 5).

10. The Healthcare Union CBA contains a multi-step grievance and arbitration procedure for the resolution of disputes arising under the Healthcare Union CBA. The final resolution step in the procedure involves final and binding arbitration. (Ex. 2-A, Art. 16).

11. The parties to the Healthcare Union CBA are required to follow Article 16 of the Healthcare Union CBA to resolve any disputes "with respect to the interpretation or application of the provisions of this Agreement [the Healthcare Union CBA]", including its Management Rights clause. (Ex. 2-A, Art. 16).

12. Where, as here, a collective bargaining agreement exists between employers and employees who are parties to litigation, their disputes fall within the exclusive purview of federal labor laws, specifically Section 301 of the LMRA, not state law, in order to ensure uniform interpretation of CBAs. See *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988); *Miller v. Southwest Airlines Co.*, 2019 WL 2462664, at *1 (7th Cir. June 13, 2019); *Gelb v. Air Con Refrigeration & Heating, Inc.*, 356 Ill. App. 3d 686, 692 (1st Dist. 2005). When a claim is predicated on rights addressed by the CBA, and requires the interpretation of its terms, an action brought pursuant to state law is preempted by federal labor laws. *Id.* at 693. Significantly, where a CBA contemplates an aspect of employee compensation or working conditions (such as timekeeping), the CBA's grievance and arbitration mechanisms preempt state law. *Gelb*, 356 Ill. App. 3d at 695. Accordingly, where a collective bargaining agreement exists covering employees who are parties or putative class members in an action brought under BIPA, the BIPA claim is wholly preempted by Section 301 of the LMRA. *Peatry et al. v. Bimbo Bakeries USA, Inc.,* No. 19 C 2942, 2020 WL 919202 (N.D. Ill. Feb. 26, 2020).

12. Plaintiff alleges that Defendant did not satisfy BIPA's notice requirements specified in 740 ILCS 14/15(b)(1) and (2) or obtain the written release required by 740 ILCS

5

14/15(b)(3). The requirements of 740 ILCS 14/15(b) are satisfied if notice is provided to and a written release is obtained from "the subject's legally authorized representative." *See* 740 ILCS 14/15(b).

13. Plaintiff similarly alleges that Defendant violated the requirements of 740 ILCS 14/15(d), which are satisfied if "the subject's legally authorized representative" consents to a disclosure or redisclosure of biometric information. 740 ILCS 14/15(d).

14. Here, again, Article 5 of the Healthcare Union CBA sets forth a "Management Rights" clause which provides that the Employer (the Nursing Center) retains the authority to manage their businesses, control their premises, and direct their working forces, subject to the provisions of the Healthcare Union CBA. With respect to the Nursing Center, the right to manage includes, but is not limited to, "The right … to determine and change starting times, quitting times, and shifts, and the number of hours to be worked; to determine staffing patterns; to determine policies and procedures with respect to patient care; [and] to determine or change the methods and means by which its operations ought to be carried on." (Ex. 2-A). The Healthcare Union is the sole and exclusive bargaining agent for its respective members, including members of the putative class in this litigation. (Ex. 2-A). Therefore, any dispute involving putative class members and regarding whether matters pertaining to BIPA were bargained for, or are subject to the Healthcare Union CBA, cannot be resolved without interpreting the terms and conditions of the Healthcare Union CBA.

15. Article 16 of the Healthcare Union CBA contains multi-step grievance and arbitration procedures for the resolution of employee disputes. The Healthcare Union CBA requires that any issues or disputes involving employers such as the Nursing Center and Healthcare Union members, related to matters arising under the provisions of the CBA, shall be

resolved solely by using the grievance procedures provided in the CBA. (Ex. 2-A). The last step in the grievance procedure process involves final and binding arbitration between or amongst the parties involved. *Id.*

16. The BIPA claims here directly concern the terms and conditions of the putative class members' employment (i.e. how employee working hours are tracked) that are defined under the Healthcare Union CBA. These BIPA claims brought by the putative class/employees/Healthcare Union members also trigger the grievance and arbitration procedures of the Healthcare Union CBA, and cannot be resolved without interpreting the Healthcare Union CBA between the Nursing Center, Plaintiff Biloche, and these putative class members/employees/Healthcare Union members. Accordingly, the instant BIPA claims of Plaintiff Biloche and the putative class are wholly preempted by Section 301 of the LMRA and are removable to federal court. *Peatry*, 19 C 2942, 2020 WL 919202; *Miller*, 2019 WL 2462664, at *1 (on the issue of whether Union member airline employees of Southwest Airlines and United Airlines must present their BIPA claims to an adjustment board, not a court, pursuant to the Railway Labor Act, 45 U.S.C. §§ 151-188, the Seventh Circuit held that the airline employees' BIPA claims were questions for an adjustment board under the RLA and the parties' CBAs, and that the airline employees' state law BIPA claims were preempted by the federal Railway Labor Act).

## **VENUE AND NOTICE**

17. Venue properly lies with this Court pursuant to 28 U.S.C §§ 1441(a) and 1446(a), as this action is presently pending in the Circuit Court of Cook County, Illinois, which lies within the Northern District of Illinois' Eastern Division.

7

18. A copy of the Notice of Removal will be filed with the Clerk for the Circuit Court of Cook County, Illinois and served upon counsel for Plaintiff, as required by 28 U.S.C § 1446(d).

19. Defendant files this Notice of Removal solely for the purpose of removing the instant State Action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant Glenview Terrace Property, LLC hereby removes this civil action to this Court on the basis of the Court's original federal question jurisdiction under 28 U.S.C § 1331, which is properly invoked over Plaintiff's claims that arise under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*

Dated: March 8, 2021

                                      Respectfully submitted,

                                    By:   /s/ Matthew E. Szwajkowski
                                             One of the Attorneys for Defendant

Jamie L. Filipovic (ARDC: 6278943)
Matthew E. Szwajkowski (ARDC: 6293917)
O'Hagan Meyer LLC
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 422-6100
Facsimile: (312) 422-6110
jfilipovic@ohaganmeyer.com
mszwajkowski@ohaganmeyer.com

## CERTIFICATE OF SERVICE

I, the undersigned non-attorney, hereby certify that the foregoing **Notice of Removal** was served upon counsel for the parties to this action via first-class United States mail, postage prepaid, and via e-mail this 8th day of March 2021 as follows:

Jim Zouras
Paige Smith
STEPHAN ZOURAS
100 North Riverside Plaza
Suite 2150
Chicago, Illinois 60606
jzouras@stephanzouras.com
psmith@stephanzouras.com

*Counsel for Plaintiffs*

/s/ Mirna Sabeh
_____